IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **RICHARD EARL BARNETT,** § | |
| § | |
| V.    § | A-10-CA-368-SS |
| § | |
| **RICK THALER,** § | |
| **Director, Texas Dept. of Criminal Justice-** § | |
| **Correctional Institutions** § | |
| **Division,** § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Motion to Dismiss (Document 11); and Petitioner's Response thereto (Document 13). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

**I. STATEMENT OF THE CASE**

**A.    Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 421st Judicial District Court of Caldwell County, Texas in cause

number 2006-106. Petitioner was convicted of felony DWI, and on July 19, 2007, he was sentenced to 45 years in prison.

Petitioner's conviction was affirmed on November 26, 2008. <u>Barnett v. State</u>, No. 03-07-00516-CR, 2008 WL 4997534 (Tex. App. – Austin, no pet.). Petitioner did not file a petition for discretionary review. He did, however, challenge his conviction in a state application for habeas corpus relief. <u>Ex parte Barnett</u>, Appl. No. 73,558-01. Petitioner filed his application on December 30, 2009. The Texas Court of Criminal Appeals denied the application without a written order on April 7, 2010.

**B.    Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. His conviction was obtained in violation of the Fourth Amendment;

2. He was denied the right to testify;

3. The trial court's record is inaccurate;

4. His sentence is illegal;

5. He was denied effective assistance of trial counsel; and

6. He was denied effective assistance of appellate counsel.

**C.    Exhaustion of State Court Remedies**

Respondent does not concede that Petitioner has exhausted his state court remedies regarding the claims brought in this application. Rather Respondent reserves the right to address the exhaustion issue should his request to dismiss as time-barred be denied.

## II.  DISCUSSION AND ANALYSIS

A.  **Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  See 28 U.S.C. § 2244(d).  That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

B.  **Application**

Petitioner's conviction became final, at the latest, on December 26, 2008, at the conclusion of time during which he could have filed a petition for discretionary review with the Texas Court of Criminal Appeals, which according to Tex. R. App. R. 68.2, is 30 days following the court of appeals' judgment affirming his conviction.  Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003) ("The one-year limitations period began to run . . . when the 30-day period for filing a petition for

discretionary review in state court ended."). Petitioner urges the Court to reconsider the holding in Roberts in light of Jimenez v. Quarterman, --- U.S. ----, 129 S. Ct. 681 (2009). Jimenez held narrowly that "where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)." Id. at 686. Jimenez did not alter the Fifth Circuit's holding that a state conviction is final 30 days following the court of appeals' judgment affirming his conviction where no petition for discretionary review was filed and petitioner has not been granted leave to file an out-of-time appeal. Therefore, Petitioner had until December 26, 2009, to timely file his federal application for habeas corpus relief. Petitioner indicates he placed his federal application in the prison mail system on April 11, 2010, after the limitations period had expired.[1]

Petitioner's state application did not operate to toll the limitations period, because it was filed on December 30, 2009, after the limitations period had already expired. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). Petitioner argues his state application for habeas corpus relief is considered filed when he placed it in the prison mail system for mailing on December 21, 2009. Contrary to Petitioner's argument, the Fifth Circuit Court of Appeals has declined to extend the mailbox rule to the determination of filing dates for state habeas applications. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999).

---

[1] Respondent asserts Petitioner did not place his application in the prison mail system until May 19, 2010. Regardless, the application was filed after the limitations period had expired.

Alternatively, Petitioner argues he is entitled to equitable tolling. The Fifth Circuit applies the doctrine of equitable tolling sparingly. Howland v. Quarterman, 507 F.3d 840 (5th Cir. 2007). As the court has explained:

> The doctrine of equitable tolling preserves a plaintiff' claims when strict application of the statute of limitations would be inequitable. Equitable tolling will be granted in rare and exceptional circumstances, and will not be granted if the applicant failed to diligently pursue his rights. Equitable tolling applies principally when the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. [I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.

Id. (quoting Larry v. Dretke, 361 F.3d 890, 896-97 (5th Cir. 2004) (internal quotation marks and citations omitted) (alteration in Larry)). In addition, the habeas petitioner bears the burden of establishing that equitable tolling is warranted. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).

The Supreme Court has stated, "To be entitled to equitable tolling, [the petitioner] must show (1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 127 S. Ct. 1079, 1085 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005)). Extraordinary circumstances preventing timely filing must be just that, extraordinary.

Petitioner first argues he is entitled to equitable tolling from the time he placed his state application in the mail until the state court filed the application. The nine-day delay Petitioner experienced in filing his state application is not extraordinary and does not warrant equitable tolling.

Petitioner also claims he is entitled to equitable tolling from the date the Texas Court of Criminal Appeals denied his state application on April 7, 2009, until he received notice of the denial on April 9, 2009. Again, there is nothing remarkable about a two-day mail delay. This two-day

delay, if it can be considered a delay, is not sufficiently "rare and exceptional" such that equitable tolling is justified. Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000) (holding that a four-month delay is exceptional); see also Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999) (concluding that a delay of "several months" is exceptional).

Petitioner also claims he is entitled to equitable tolling because he had difficulty obtaining his state court records from his counsel. However, Petitioner fails to establish a connection between counsel's refusal to provide him with a copy of the trial record and his inability to timely file his state and federal habeas petitions, as opposed to the possible import of the record in subsequently proving his claims. See Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir. 1998) (holding that § 2244(d) "does not convey a statutory right to an extended delay ... while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim.").

Next, Petitioner claims he is entitled to equitable tolling, because he is mentally challenged or deficient. Petitioner generally claims he has a low intelligence score for comprehension and he participates in a tutor-assisted G.E.D. class. Petitioner asserts he relies on the assistance of other offenders to help him with his legal matters. He asserts the time he is allowed to spend with the other offenders is limited as is his time in the law library. While the Fifth Circuit has previously indicated that a prisoner's claim of mental incompetence may support tolling the AEDPA time limit if the mental impairment precluded the prisoner from effectively asserting his legal rights, the court has also made clear that a claim of incompetence does not automatically entitle a prisoner to equitable tolling. Fisher, 174 F.3d at 715-16. Rather, before a prisoner is entitled to equitable tolling he must sufficiently allege facts indicating that his incompetence impeded him from asserting his legal rights prior to the expiration of the limitations period. In this case, Petitioner does not allege

facts showing his mental disability prevented him from pursuing habeas corpus relief in federal court prior to the expiration of the limitations period.

Finally, Petitioner asserts he is entitled to equitable tolling because he receives treatment for hepatitis. Petitioner claims the treatment has tremendous side effects, causing mental lapses and stress. Petitioner's conclusory claim that his hepatitis treatment sometimes limits his ability to work falls short of demonstrating Petitioner's entitlement to equitable tolling.

Petitioner also was not diligent in pursuing habeas corpus relief. The United States Court of Appeals for the Fifth Circuit has recognized that to pursue rights diligently, a litigant cannot wait until near a deadline to make a filing, and then seek equitable tolling when something goes wrong. See Johnson v. Quarterman, 483 F.3d 278, 287-88 (5th Cir. 2007) (filing on last day and encountering computer problem that prevented filing lacked due diligence). Petitioner's own allegations confirm that he did not act with due diligence during the one-year period. Only five days remained of the one-year limitations period when Petitioner allegedly mailed his state application for habeas corpus relief. Leaving little margin for error is not cautious and, clearly, not diligent. See Schmitt v. Zeller, 354 Fed. Appx. 950, 952 (5th Cir. 2009) (unpublished per curiam) (having only two months to act once the state habeas proceedings concluded, having squandered most of the one-year period before filing the state application, was a factor in denying equitable tolling); Hudson v. Quarterman, 332 Fed. Appx. 209, 210 (5th Cir.) (unpublished per curiam), cert. denied, --- U.S. ----, 130 S. Ct. 442 (2009) (eleven and one-half month delay in mailing state application after conviction became final did not evince due diligence; as such petitioner was not entitled to equitable tolling for two-week delay between mailing of state habeas application and its filing in state court). Accordingly, Petitioner is not entitled to equitable tolling.

In conclusion, the record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss be granted and Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner

8

shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 15th day of September, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE